Ryan v. Newcomb.

---

DENNIS RYAN

V.

GEORGE W. NEWCOMB ET AL.

*Trustee's Sale—Bill to Redeem—Settlement—Estoppel—Usury.*

Upon a bill to redeem certain premises on payment of the balance of a loan made to the complainant, secured on said premises, after abating the interest because of usury, it is *held:* That a certain quit-claim deed made by a third party at the request of the complainant, said third party having accepted a conveyance from him for that purpose, affirmed and ratified the trustee's deed to the defendant and amounted to a complete settlement of the entire matter.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. DANIEL H. PADDOCK, for appellant.

Messrs. C. H. & C. B. WOOD, for appellees.

LACEY, J. The appellee, a money loaner, loaned appellant

money on three separate occasions. The first note was for $1,700 secured by trust deed on two of the three eighty-acre tracts owned by appellant. The second was for $1,200 secured by trust deed on the entire three eighty-acre tracts. The third note was for $600 secured by trust deed on all the tracts. There was usury in the inception of all these transactions. The appellant not paying up the notes the trustee, Pearce, advertised and sold the entire land to appellee on the $600 trust deed. The appellant in the meantime had executed a warranty deed to Kinsella for the entire land. The appellant and appellee Newcomb then had a settlement of the entire matter, which resulted in an agreement that the appellant should procure a quit-claim deed from Kinsella to appellant Newcomb, to the entire 240-acre tract of land and that then the latter would sell appellant one eighty-acre tract back again to appellant for $1,400, and to secure the purchase price of the land the latter should execute his note to Newcomb and a trust deed on the land to his use. This was done and afterward the note was sold to Jordan, and afterward this last note, not having been paid, the trustee sold the land to satisfy the note and it was bid in by Jordan for the debt and costs. Appellee Newcomb at the time he made this latter agreement claimed to be the absolute owner of the land under his trustee's sale, and sold the eighty-acre tract back as a consideration for the quit-claim from Kinsella. Appellee Newcomb disclaims any ownership of the eighty-acre tract bought by Jordan. But appellant in the bill avers that Jordan holds as trustee for Newcomb, but the proof fails to establish that averment. It appears that the deed executed by appellant to Kinsella was written out, acknowledged and recorded with the expectation that Kinsella would purchase it, but afterward Kinsella refused to accept the deed or buy the land, but at the appellant's request conveyed it to the appellee Newcomb. The object of the bill is to redeem the entire land by paying what appellant claims to be due from him to Newcomb, a small sum after deducting payments and abating the usurious penalty, being the entire interest. Upon hearing, the court below dismissed the bill and from that decree this appeal is taken.

The appellant claims that the Kinsella deed was inoperative

on account of the fact that, as he claims, it had never been delivered to or accepted by him.

This we think is a misapprehension. It is true Kinsella did not accept it for the original purpose, but he did accept it at the request of appellant in order to convey the title to Newcomb. He did it for the accommodation of appellant and appellee. The deed to Kinsella was on record and was a cloud to the title, and if the appellant had desired the deed might have been made to him and then he have deeded to appellee Newcomb, but by having Kinsella deed directly to Newcomb, the making and recording of one deed was saved. Titles are often passed through third persons who have no interest in the land, and for various reasons. We see no trouble about the validity of the Kinsella conveyance. As to that land the appellant, having executed a voluntary conveyance through Kinsella to appellee Newcomb and settled the entire matter of usury, is estopped from setting up usury in the original debt or asking that a conveyance made by himself voluntarily be set aside. His deed to Kinsella was a warranty deed and the covenants are passed by Kinsella's deed, first to Newcomb for the entire land and from him to appellant and from appellant to Jordan through his trust deed and the trustee's deed, and he can not now be heard to deny those covenants or his warranty. There is no pretense that the deed from Kinsella · to Newcomb was intended as a mortgage to secure the payment of money. It was intended to be an absolute conveyance, which it purported to be on its face, and was executed at appellant's request. After the settlement with Newcomb, which we regard as a final one of all the notes, we think it is too late to file this bill and attempt to re-adjust and re-settle the matter. We regard the deed from appellee Newcomb to appellant as a real purchase of the land for $1,400, as the deed on its face shows. By the Kinsella quit-claim deed made at appellant's request, the trustee's deed to Newcomb for the same land was fully affirmed and ratified, and a complete settlement of the whole matter made upon appellant being allowed to purchase one eighty at $1,400. From this it will be seen the court below did not err.

*Decree affirmed.*